IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **JANE DOE** | * | |
|     Plaintiff | * | JURY TRIAL DEMANDED |
| v. | * | Case No. _____ |
| **MATTHEW ALTER, et al.** | * | |
|     Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Plaintiff, Jane Doe, as next friend of individuals known to the Defendants as Child 1 and Child 2 in the video series known as YKND and/or DKNY, minors, by and through her undersigned counsel, hereby files this Memorandum in Support of Plaintiff's Motion for Leave to Proceed Under a Pseudonym.

### INTRODUCTION

This action arises out of the sexual abuse of two young girls when the girls were just four and six years old. The children are now ages nine and seven. The unspeakable abuse was captured on video, which was packaged and posted to the Internet and widely circulated under the series name "DKNY" and "YKND." Plaintiff is suing the individuals responsible for possessing, viewing and trading in these horrific images.

By this Motion, Plaintiff invokes well-settled law and policy from this judicial circuit and from this Court to permit Plaintiff to proceed under pseudonym to protect these children, whose privacy has

been already been so grievously invaded, from further exposure and from the humiliation such exposure would yield.

## RELEVANT FACTS

Plaintiff, Jane Doe, is the mother of Child 1 and Child 2, two young girls who were forced to perform various sex acts on camera by their father and a co-conspirator, unbeknownst to Jane Doe. Child 1 was approximately six years old when the abuse occurred and is now nine years of age. Child 2 was approximately four years old when the abuse occurred and is now seven years of age. Graphic images depicting the sexual abuse of Child 1 and Child 2 were posted to the internet and have since been widely circulated among online child pornography trading communities under the series names "DKNY" and "YKND." Each Defendant in this action has viewed, possessed, and/or distributed images depicting the girls' abuse. Each known Defendant has either been charged with, pleaded guilty to, or convicted of violating 18 U.S.C.A. § 2252A(a)(2)(A) or (b) for his possession of the images depicting the abuse of Child 1 and Child 2. Each Doe Defendant has been found in possession of images depicting the abuse of Child 1 and Child 2. Plaintiff brings this case seeking relief for the severe and permanent harm that has resulted to Child 1 and Child 2 as a result of Defendants' actions. Because she is their mother, revealing the name and address of Jane Doe would necessarily reveal the identities of Child 1 and Child 2.

## ARGUMENT

The Federal Rules of Civil Procedure require that "the title of the complaint must name all the parties" and that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a)(1). Although the Supreme Court has never formally acknowledged the permissibility of using a pseudonym, federal trial and appellate courts have allowed parties to proceed anonymously in

limited circumstances. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011). Determining whether to allow a plaintiff to file under a pseudonym is within the trial court's sound discretion. *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993).

The United States Court of Appeal for the Fourth Circuit has articulated five factors courts should weigh in determining whether a party may proceed by pseudonym: (1) whether the requesting party's justification merely to avoid the annoyance and criticism that may attend any litigation as opposed to seeking to preserve policy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, (5) relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). These factors overwhelmingly favor permitting Plaintiff to proceed by pseudonym in this case.[1]

**I.   FACTOR ONE IS MET BECAUSE PLAINTIFF'S CLAIMS ARE BOTH SENSITIVE AND HIGHLY PERSONAL**

This action is the result of the circulation of a recording of a violent sexual assault perpetrated on very young children. These facts present a uniquely sensitive and personal situation that merits pseudonymous pleading. That Child 1 and Child 2 will live in constant fear of recognition is a key feature of the injuries they have suffered. Requiring disclosure of the identities of Jane Doe, Child 1, and Child 2 would only serve to exacerbate these injuries.

---

[1] *See Doe v. Tenenbaum*, 8:11-cv-02958-aw, 2012 WL 5245523 (D. Md. Oct. 9, 2012) (allowing the plaintiff to proceed pseudonymously when only "two factors weigh[ed] heavily in [p]laintiff's favor" and noting that some *Jacobson* factors may lack relevance in some cases).

The weight of the limited legal precedent on cases involving child sex abuse militates in favor of protecting the identity of the child-victims in this case. In *Plaintiff B v. Francis*, the United States Court of Appeals for the Eleventh Circuit reviewed a denial of a plaintiff's motion to proceed under a pseudonym. 631 F.3d 1310 (11th Cir. 2011). The plaintiffs in *Francis* sought anonymity because the case concerned sexually explicit activities in which they had engaged on film while under eighteen. *See Francis*, 631 F.3d at 1312-14. Concluding that the district court had abused its discretion by denying the plaintiff's request, the Eleventh Circuit stated: "[t]he issues involved in this case could not be of a more sensitive and highly personal nature—they involve descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities." *Plaintiff B*, 631 F.3d at 1317; *see also Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) ("[C]ourts have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault."). The Eleventh Circuit's decision indicates that victims of child pornography constitute a class of sexual abuse plaintiffs who face far more than just personal embarrassment if their identity is revealed. Accordingly, the sensitive and highly personal nature of Plaintiff's claims weighs strongly in favor of allowing Jane Doe, Child 1, and Child 2 to proceed under pseudonyms.

## II. THE SECOND FACTOR IS SATISFIED BECAUSE IDENTIFYING THE CHILD-VICTIMS THREATENS RETALIATORY HARM AGAINST THEM

This lawsuit is among the first such actions against an entire class of paedophiles engaged in a wide-ranging conspiracy to promulgate a trade in the images depicting the vile abuse suffered by the very young child-victims on whose behalf this case is brought. Publicly identifying the child-victims by name would ensure that those images are forever associated with these girls. Moreover, because it is impossible to remove the images from the Internet, the humiliation and stigma attendant to that

4

association will follow these children with them for the rest of their lives thus resulting in extreme anguish and additional harm. The second factor thus strongly favors granting Plaintiff's motion to proceed anonymously.

### III. THE THIRD AND FOURTH FACTORS ARE SATISFIED HERE BECAUSE THE CHILD-VICTIMS ARE VERY YOUNG

The law and policy of this judicial circuit favors strongly protecting the identity of very young children involved in litigation. *See Jacobson*, 6 F.3d at 238; *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981) ("A final factor we find especially persuasive is the fact that plaintiffs are children."). Child 1 and Child 2 are both very young children. Child 1 was approximately six years old when the abuse occurred and is now nine years old. Child 2 was approximately four years old when the abuse occurred and is now seven years old. Although Jane Doe is an adult, revealing her identity would effectively reveal the identity of Child 1 and Child 2. Furthermore, other Masha's Law claims have been brought pseudonymously, indicating courts' willingness to protect the identities of child pornography victims. *See e.g., Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012). The ages of Child 1 and Child 2 therefore strongly favor allowing Jane Doe, Child 1, and Child 2 to proceed under pseudonyms.

### IV. THE FIFTH FACTOR IS SATISFIED BECAUSE ALLOWING PLAINTIFF TO PROCEED ANONYMOUSLY POSES NO RISK OF UNFAIRNESS TO DEFENDANTS

The final factor articulated by the Fourth Circuit is based on the concern that if defendants do not know the identity of their accusers, they could be subject to unfairness from potentially defamatory allegations. *See Francis*, 631 F.3d at 1315 (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)). In this case, each Defendant has been identified by a law enforcement agency as possessing child pornography depicting the abuse of Child 1 and Child 2. That the material possessed by each Defendant contained images of Child 1 and Child 2 has been confirmed by the National Center for Missing and

Exploited Children's Child Victim Identification Program. Accordingly, allowing Plaintiff to remain anonymous presents no likelihood of unfairness to Defendants due to defamatory allegations. Accordingly, this factor also weighs in favor of allowing Jane Doe, Child 1, and Child 2 to proceed pseudonymously

## CONCLUSION

This case falls squarely within the class of cases in which courts have permitted parties to proceed anonymously. The highly sensitive nature of the allegations underlying this case, the very young age of the child-victims and the substantial risk of harm should the child-victims be identified all strongly favor granting the relief Plaintiff seeks. Accordingly, Plaintiff respectfully requests that this Court grant its Motion and thereby permit Jane Doe, Child 1, and Child 2 to proceed under pseudonyms.

Respectfully submitted,

Dated: May 28, 2013

/s/ Steven J. Kelly
Steven J. Kelly, Federal Bar No. 27386
Andrew C. White, Federal Bar No. 0821
SILVERMAN THOMPSON SLUTKIN WHITE, LLC
201 North Charles Street, Suite 2600
Baltimore, Maryland 21201
Tel.: (410) 385-2225
Fax: (410) 547-2432
skelly@mdattorney.com
awhite@mdattorney.com

*Counsel for Plaintiff*