```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

JANE DOE                        *

         Plaintiff              *

         vs.                    *   CIVIL ACTION NO. MJG-13-1548

FREDERICK BARDELL               *

         Defendant              *

*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: JURISDICTION AND TRANSFER

The Court has before it Defendant's Motion to Dismiss [Document 160] and the materials submitted relating thereto. The Court has held a hearing and had the benefit of the arguments of counsel.

Plaintiff has filed suit against a substantial number of persons who allegedly downloaded and viewed photographs of her daughters that constitute child pornography. These photographs allegedly were taken in Maryland by two individuals, the girl's father and a colleague ("the Maryland Actors). The Maryland Actors were convicted in connection with their actions and have been incarcerated since 2008. The pictures, however, continued to be downloaded, viewed, and exchanged over the Internet.

As of this writing, there are in excess of 90 such lawsuits pending before the undersigned Judge.

In the instant case, as in the others cases brought by Plaintiff, she asserts claims in seven Counts:

    Count I        Violation of 18 U.S.C. § 2252A

    Count II       Violation of 18 U.S.C. § 2255

    Count III      Invasion of Privacy – Intrusion Upon Seclusion Under Maryland Law

    Count IV       Invasion of Privacy – Appropriation of Name of Likeness Under Maryland Law

    Count V        Invasion of Privacy – Unreasonable Publicity Given to Private Life Under Maryland Law

    Count VI       International Infliction of Emotional Distress Under Maryland Law

    Count VII      Civil Conspiracy Under Maryland Law

Defendant Bardell, who is not a resident of Maryland and who is currently incarcerated[1] in the Southern District of Georgia, asserts that this Court cannot exercise personal jurisdiction over him.

For a federal district court to exercise personal jurisdiction over a nonresident defendant, two requirements must be satisfied:

    1.    The exercise of personal jurisdiction must be authorized under the long-arm statute of the state in which the court is located; and

---

[1] Bardell was convicted in the Middle District of Florida based, in part, on the presence on his computer of child pornography that included at least one picture upon which Plaintiff's case is based.

2

    2.    The exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment.

<u>ASCO Healthcare, Inc. v. Heart of Tx. HealthCare and Rehab., Inc.</u>, 540 F. Supp. 2d 634, 640 (D. Md. 2008).

The pertinent provision of Maryland's long-arm statute permits a court to "exercise personal jurisdiction over a person . . . who directly or by an agent . . . [c]auses tortious injury in the State by an act or omission in the State." Md. Code Ann. Cts. & Jud. Proc. § 6-103(b)(3).  The "Court of Appeals [of Maryland] has found [the civil conspiracy theory] of jurisdiction included within the Maryland long-arm statute because the provisions apply to a person who commits acts 'directly <u>or by an agent</u>.'"  <u>Cleaning Auth., Inc. v. Neubert</u>, 739 F. Supp. 2d 807, 816 (D. Md. 2010).

As became clear at the hearing on the instant Motion, Plaintiff has no basis upon which to make a plausible contention that the Court could exercise personal jurisdiction over Bardell based upon anything he personally did in Maryland.  However, Plaintiff contends that the Court exercise jurisdiction over Bardell based upon actions taken by him and the Maryland Actors as part of a conspiracy.  Plaintiff's theory is that: (1) there was a "conspiracy to perpetuate the harms these children have endured by viewing, possessing, distributing and otherwise trading in the images memorializing the horrible abuse these

3

children have suffered," Compl. ¶ 3; (2) the Maryland Actors performed acts in furtherance of the conspiracy in Maryland; and (3) these acts were performed by the Maryland Actors as co-conspirator agents for Bardell.

The Court will assume that Plaintiff can establish that the Maryland Actors acted as members of some conspiracy, which included as an objective the viewing of pictures such as those upon which Plaintiff bases her claims and that within the scope of the conspiracy, the Maryland Actors distributed those pictures to other co-conspirators who then downloaded and viewed them. However, it appears that Plaintiff, at present, lacks evidence to establish that Bardell was a member of the conspiracy that included the Maryland Actors, or that if he was a member of that same conspiracy, it was while the Maryland Actors were members.[2]

---

[2] The highly respected federal jury instructions by Sand, Siffert et al. state that for a jury to find a defendant guilty of a substantive offense based on participation in a charged conspiracy, the jury must find, inter alia, "that the defendant was a member of that conspiracy at the time the substantive crime was committed." Sand, Siffert et al., Modern Federal Jury Instructions (2014), ¶ 19.03, Instruction 19-13, at 19-85. This instruction is based upon United States v. Pinkerton, 328 U.S. 640 (1946), in which "the Supreme Court [of the United States] held that a co-conspirator is liable as a principal for certain substantive offenses committed in furtherance of the conspiracy while he is a member of it." Id., Comment at 19-86; see also Pinkerton, 328 U.S. at 645-47 (affirming judgment of conviction where jury was instructed "on the theory that each petitioner could be found guilty of the substantive offenses, if it was found at the time those offenses were committed petitioners were

Plaintiff seeks jurisdictional discovery to ascertain if she can find evidence to support her conspiracy jurisdiction contention. She seeks, and therefore presumably contends that she needs for this purpose, the following discovery:

1. Deposing Mr. Bardell;

2. Issuing a subpoena under Federal Rule of Civil Procedure 45 to request relevant documents from the Department of Homeland Security, and Special Agent Joseph Grey, individually, and including as targets of subpoena any other individual agents who were involved in the investigation;

3. Deposing Special Agent Grey, the Department of Homeland Security case agent who primarily handled the investigation of Mr. Bardell;

4. Deposing any other case agents of the Department of Homeland Security and/or affiliated agencies involved in or knowledgeable about the investigation of Mr. Bardell, including, without limitation, the beginning, duration, scope and agreements involved in the conspiracy the Complaint alleges, its connection to Maryland and other jurisdictionally relevant facts;

5. Issuing a Rule 45 subpoena to request relevant documents from the Federal Bureau of Investigation ("FBI") Baltimore Field Office, and Special Agent Rachel Corn, individually, and including as targets of subpoena any other individual agents who were involved in the investigation;

---

parties to an unlawful conspiracy and the substantive offenses charged were in fact committed in furtherance of it").

5

> 6. Deposing Special Agent Rachel Corn, the FBI case agent who primarily handled the investigation of the original conspirators;
>
> 7. Deposing any other case agents of the FBI and/or affiliated agencies involved in or knowledgeable about the investigation of the original conspirators, including, without limitation, the beginning, duration, scope and agreements involved in the conspiracy the Complaint alleges, its connection to Maryland and other jurisdictionally relevant facts;
>
> 8. Issuing a Rule 45 subpoena to the U.S. Attorney's Office for the Middle District of Florida for any documents relating to the prosecution of Mr. Bardell or otherwise relevant to the conspiracy and other jurisdictionally relevant facts alleged in the Complaint; and
>
> 9. Issuing a Rule 45 subpoena to the U.S. Attorney's Office for the District of Maryland for any documents relating to the prosecution of the original conspirators or otherwise relevant to the conspiracy and other jurisdictionally relevant facts alleged in the Complaint.

[Document 177] at 1-2.

It is readily apparent that there is a question whether this Court properly can assert personal jurisdiction over Bardell. Moreover, to provide Plaintiff with the jurisdictional discovery she seeks would greatly burden Bardell, a Defendant who makes a far from frivolous claim that he is not properly before this Court. Furthermore, it appears doubtful that

6

Plaintiff – even with the proposed discovery -  would obtain evidence supporting personal jurisdiction over Bardell.

In contrast to the doubt as to this Court's jurisdiction over Bardell, there is no doubt that that there is jurisdiction in the Middle District of Florida.  In this circumstance, the Court finds it appropriate to transfer the case to that District to avoid burdening the parties with the substantial cost of the requested jurisdictional discovery that is unlikely to eliminate the possibility that, on appeal, proceedings in this Court may be declared null and void.

Title 28 U.S.C. § 1404(a) provides, in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .

The instant case certainly might have been brought in the Middle District of Florida.  In view of the jurisdictional matter discussed herein, the Court adopts the statement made by Judge Motz of this Court in Tyler v. Gaines Motor Lines, Inc., 245 F. Supp. 2d 730, 734 (D. Md. 2003).

> Because the [jurisdictional] question is a close one, I will exercise my discretion to transfer this case in the interests of justice. See 28 U.S.C. § 1404. For me to hold that [Bardell] is subject to personal jurisdiction [in Maryland] would inject into the case an unnecessary legal issue that would render the entire litigation null and void if, on appeal, jurisdiction were found

>       to be lacking. . . . Jurisdiction in the
>       [Middle District of Florida], where [Bardell
>       allegedly took actions upon which the claims
>       in the instant lawsuit are based] clearly
>       would be proper.  Accordingly, I will enter
>       an order of transfer to that court.

<u>Id.</u>

For the foregoing reasons:

1. By separate Order, the instant case shall be transferred to the Middle District of Florida.

2. Defendant's Motion to Dismiss [Document 160] is DENIED AS MOOT.


SO ORDERED, on <u>Monday, August 11, 2014</u>.


                                                                                        /s/<br>
                                                    Marvin J. Garbis<br>
                                      United States District Judge